HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR19-238 RAJ |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DENYING DEFENDANT'S |
| v. ) | MOTION TO PROCEED WITH |
| ) | GUILTY PLEA VIA |
| MICHAEL DAVID MATHISEN, ) | VIDEOCONFERENCE |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Defendant Michael David Mathisen's unopposed motion to proceed with entry a guilty plea by videoconference. Dkt. 24. The Court has considered the motion and the files and pleadings herein, and for the reasons set forth below hereby **DENIES** the motion.

**I. PROCEDURAL HISTORY**

Defendant is charged by Indictment in this matter with one count of Attempted Accesses with Intent to View Child Pornography. At his detention hearing on November 5, 2019, the Court denied the government's motion for detention and entered an appearance bond placing Defendant on home detention with location monitoring. He remains on bond. The trial in this matter is currently scheduled for July 13, 2020.

The parties have reported they have reached a plea agreement. In-person plea hearings are not currently possible due to the COVID-19 emergency. Pursuant to General Order 08-20, the courthouses in the Western District of Washington will not be

ORDER - 1

open for such proceedings until August 3, 2020.  In light of this delay, Defendant has brought a motion seeking to conduct his plea hearing by videoconference.  Dkt. 24.  The motion is styled as an unopposed motion, but is signed by counsel for the government in the form of a stipulation.

## II. DISCUSSION

Ordinarily, a defendant "must be present" for a change of plea hearing.  Fed. R. Civ. P. 43(a).  Rule 43 provides for limited exceptions, including for some sentencing proceedings, but none of the exceptions applies to a plea.  Fed. R. Civ. P. 43(c).  Consequently, under ordinary circumstances, "the district court has no discretion to conduct a guilty plea hearing by videoconference, even with the defendant's permission."  *United States v. Bethea*, 888 F.3d 864, 867 (7th Cir. 2018).

But these are not ordinary circumstances.  Section 15002 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") empowers Chief District Judges to authorize hearings by video or telephonic conference when: (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice;" and (3) upon "consent of the defendant . . . after consultation with counsel." CARES Act, Pub. L. 116-136 §§ 15002(b)(2), (4).  The Chief Judge of this Court has made such an authorization.  General Order 04-20 (W.D. Wash. March 30, 2020).  Thus, a plea hearing may be held by videoconference, but only upon a finding "for specific reasons that the plea . . . cannot be further delayed without serious harm to the interests of justice." CARES Act §15002(b)(2)(a); General Order 04-20 at 3.

The CARES Act presents a limited exception to what is ordinarily a mandatory requirement that a plea hearing be conducted in person.  Courts have been sparing in applying this exception.  Courts have granted remote hearings where the delay required for an in-person hearing would result in a defendant's detention beyond the range of applicable sentencing guidelines. *See*, *e.g. United States v. Collazo*, No. CR 2:19-

00120, 2020 WL 1905293, at *2 (S.D. W. Va. Apr. 17, 2020) (defendants' time served exceeded guidelines); *United States v. Bustillo-Sevilla*, No. 20-CR-00021-VC-1, 2020 WL 1239669 (N.D. Cal. Mar. 15, 2020) (request for time served sentence). Where longer sentences are expected, however, courts have found that the interests of justice did not justify video-conferenced hearings. *See, e.g. United States v. Emory*, CR NO. 19-00109 JAO, 2020 WL 1856454, *2 (D. Haw. Apr. 13, 2020) (interests of justice did not require expediting sentencing where defendant had served eight months but potential guidelines range was 12 to 18 months); *United States v. Jones*, Criminal No. 19-225 (SRN/TNL), 2020 WL 1644257, *1 (D. Minn. Apr. 2, 2020) (denying defendant's motion for remote sentencing in part because delaying sentencing would not prejudice defendant in light of his guidelines range). Here, the parties indicate that under the proposed plea agreement they will request the Court adopt a joint recommendation of a 10-year custodial term, which is the mandatory minimum in this case. Dkt. 24 at 2.

    Defendant indicates he would like to take responsibility in this matter and resolve it in a timely fashion. He argues this hearing cannot be delayed without serious harm to the interests of justice due to his concern about anticipated delays and backlogged court calendars once in-person hearings may safely resume. The Court presumes that any defendant wishing to enter a guilty plea desires to take responsibility and resolve the criminal charge against him or her. This fact alone does not distinguish Defendant from any other defendant currently wishing to enter a guilty plea. The Court does anticipate a backlog in its calendar when in-person court operations resume, however, again, this fact also applies to every other defendant with criminal matters currently pending before the Court. Therefore, the Court cannot find that delay of the plea hearing to a time when it can be conducted in person presents a serious harm to the interests of justice in this matter.

///

///

///

## III. ORDER

For the reasons set forth above, Defendant's motion does not identify circumstances that can support a finding of "serious harm to the interests of justice" as required by the CARES Act and General Order 04-20.  Therefore, it is hereby **ORDERED** that Defendant Mathison's motion to appear by videoconference for entry of a guilty plea, Dkt. 24, is **DENIED**.

DATED this 2nd day of June, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 4